By the court.
The plaintiff below brought an action, as indorsee, upon certain promissory notes made by the defendant.
The defendant, in his answer, “ denies-that he is indebted to the plaintiff, in any amount, on the causes of action, or ■either of them, in the petition stated, or that the plaintiff is the absolute owner of said notes, or either of them, in his own right, or that they were sold and delivered to him for a valuble consideration. • Defendant states that all of said notes were executed and delivered in- the State of Pennsylvania, and, as he is informed and believes, are barred by the statute of limitations of that State” — without stating the time or statute.
In his replication to the answer, “ plaintiff denies that said notes are barred by the statute of limitations of Pennsylvania,” and traverses the other matters of defense.
The bill of exceptions recites that the defendant gave, in evidence, “ the copy of the statute of limitations of the State of Pennsylvania, hereto attached, marked D ” (which was a copy), “and the statute of limitations of said State, as found in Angel on Limitations; and rested his case.”
Such a reply to such a plea of the statute of limitations, is sufficient, and will authorize the plaintiff to prove himself within the savings of the statute, when it is offered in evidence.
James Murray, for plaintiff in error.
Asher OooJc, for defendant in error.
The statutes of another State, and also any peculiar construction which the courts of such State may have placed -upon them, where they come in question in the courts of this State, must be proved by evidence as matters of fact; and if such statute be given in evidence, but no evidence of such peculiar construction be given, the courts of the State will give the statute such construction as may be authorized by the settled construction of similar statutes in this State. Hence, where the statute of limitations of Pennsylvania, containing the phrase “ beyond sea,” was given in evidence, but no evidence was given as to the construction of that phrase by the ■courts of Pennsylvania, it was not error, in accordance with the settled interpretation of that phrase, in the statutes of limitation of this State, to hold its meaning to be equivalent to “ beyond the limits of the State.” Ingraham v. Hart, 11 Ohio Rep. 255; Baron de Borde’s case, 8 Ad. & E. 208.

Judgment affirmed.